Christian, J.,
delivered the opinion of the court.
The record shows that the appellant, Thomas H. Reynolds, qualified as executor of Garland Reynolds, in the county court of Louisa on the 18th of December 1868. The said Garland Reynolds, by his will, devised his whole estate, after the payment of his debts, to his son, W. T. Reynolds, and his daughter, Catharine Zink, to be held by trustees, for his son and daughter respectively.
In the year 1871 the following notice was issued by *30 Mrs. Zink, one of the beneficiaries under said will, who was entitled to one-half of the estate of the tesafter the payment of his debts:

To Truman H. Reynolds, executor of Garland Reynolds, deceased:

Whereas, your brother, as assignee of your father, has brought suit against you as executor as aforesaid, for large sums for debts alleged to be due from your said testator, and would have recovered judgment therein at the late term of the circuit court of Louisa, without any enquiry or proof, and without any defence by you, but for timely interference on my part and behalf, although you and your counsel had been warned that these debts were believed by me not to be well founded or justly due; and whereas, your relationship to the party or parties preferring these claims, and the character of these claims and of the defence which ought justly to be made against them, and your past conduct aforesaid in respect thereto, make it probable, if not certain, that the estate of your testator will suffer if its defence to those claims be left to you, and make it improper that said estate should remain under your control: Therefore, take notice that I shall move the county court of Louisa, on the first day of its June term, 1871, to make an order revoking and annulling your powers as executor aforesaid.
The notice was served on Reynolds, the executor, -and on the 15th of August 1871, the parties having ■been heard, upon the motion of Mrs. Zink the court revoked the powers of Truman H. Reynolds, as executor of G-arland Reynolds, deceased; and he thereupon ■took an appeal to the circuit court of the county.
On this appeal, taken to the circuit court, the judg *31 ment of the county court was affirmed; and to that judgment a writ of error was awarded by one of the .judges of this court.
The court is of opinion that there is no error either in the judgment of the county court or of the circuit •court.
The statute, Code of 1860, ch. 182, § 11, has wisely deposited with “ the court, under the order of which any (such) fiduciary derives his authority,” the right and duty to revoke and annul his powers “whenever from any cause it appears proper.”
There must, of necessity, be vested in that court a very large discretion; and while it is a legal discretion, -to be exercised in a proper case, an appellate court ought not to interfere, except in a case where manifest injustice has been done, or where it is plain that a •proper case has not been made for the exercise of the powers which the legislature has specially conferred upon that court, from which the fiduciary derives his authority.
It cannot be said, upon the facts of the ease before us, that the discretion of the county court was improperly exercised, or that its authority was unlawfully •asserted.
The record shows that two suits had been brought against the estate of the testator by the brother of the executor upon claims purporting to have been due to the father of the executor, and to have been assigned by him to his brother. These claims would, if successfully asserted, have consumed the whole estate of the testator, and his devisees would not have received a dollar.
The executor failed and refused to defend these suits, •and but for the persistent efforts of the appellee judgment would have gone by default. The executor, in *32 deed, refused to make any defence until after the Order-for his removal had been entered by the county court, an appeal taken to the circuit court. Pending that appeal, he reluctantly, and after persevering efforts on the part of the appellee’s counsel, was induced to put in the plea of non est factum in the action of debt, and in that suit a jury found for the defendant on that plea. The peculiar relations of the executor towards the parties, and his whole conduct in the premises, might well warrant the county court in revoking the powers of the executor. At least it cannot be said that the discretion vested by law in the county court has been improperly exercised. That court having before it the parties and the witnesses, and having personal knowledge of their character and standing, made an order revoking and annulling the powers of the executor, and removing him from his office as executor. This judgment of the county court was affirmed by the circuit court on appeal. This court is not disposed to interfere with these two judgments.
The court is therefore of opinion that the judgment of the circuit court affirming the judgment of the county court must be affirmed by this court.
Judgment arrirmed.